# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-6184-RGK (PDx) | | Date | October 13, 2021 |
|---|---|---|---|---|
| Title | *Luis Larraburu v. American Merchandising Specialists, Inc.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Valencia Vallery (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 15]

## I.    INTRODUCTION

On May 11, 2021, Plaintiff Luis Larraburu ("Plaintiff"), on behalf of himself and other similarly situated employees, filed a complaint in state court against his former employer, American Merchandising Specialists, Inc. ("Defendant"). (Notice of Removal, Ex. A, ECF No. 1.) Plaintiff's claims arise from alleged wage and hour violations that Defendant committed during Plaintiff's employment. Plaintiff asserts the following claims: (1) failure to pay employees for all hours worked at the correct rates of pay; (2) failure to provide rest periods; (3) failure to provide meal periods; (4) failure to indemnify; (5) unfair competition; and (6) failure to timely pay final wages upon termination of employment.

On July 30, 2021, Defendant removed this action to federal court based on jurisdiction under the Class Action Fairness Act ("CAFA"). Presently before the Court is Plaintiff's Motion to Remand ("Motion"). (ECF No. 15.) For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.   FACTUAL BACKGROUND

Plaintiff worked for Defendant as an hourly, non-exempt field marketing representative from approximately October 2019 to January 2020. Plaintiff alleges that Defendant implemented systematic payroll policies and practices that caused Plaintiff and other class members to be:

A. Not compensated for all hours worked including all overtime hours worked at the correct rates of pay; B. Not provided with all rest breaks and timely meal periods; C. Not paid one hour's pay for each workday in which Defendants failed to provide them one or more rest breaks; D. Not paid one hour's pay for each workday in which Defendants failed to provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-6184-RGK (PDx) | Date | October 13, 2021 |
|----------|------------------------|------|------------------|
| Title | *Luis Larraburu v. American Merchandising Specialists, Inc.* | | |

them with one or more timely meal periods; and E. Not timely paid all earned and unpaid wages during their employment with Defendants and at the time such employment ended.

(Notice of Removal, Ex. A ¶ 17(A)–(E).)

Plaintiff seeks damages and declaratory relief on behalf of himself and a putative class of "[a]ll persons Defendants employed in California as hourly, non-exempt employees, including field marketing representatives and employees in comparable positions, at any time during the period beginning four years prior to the filing of this action and ending on the date that final judgment is entered in this action." (*Id.* at ¶ 19.)

### III. **JUDICIAL STANDARD**

Title 28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. CAFA vests district courts with original jurisdiction over putative class actions where (1) the amount in controversy exceeds $5 million (2) the class members number at least 100, and (3) at least one plaintiff is diverse from any one defendant. 28 U.S.C. §1332(d)(2)–(5). The defendant always bears the burden of establishing that removal is proper and establishing the jurisdictional facts by a preponderance of the evidence. *Gaus v. Miles*, 980 F.2d 564, 566–67 (9th Cir. 1992). The enactment of CAFA does not alter this rule. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[When enacting CAFA] Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction."). Although a presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

A removing party's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. However, when a plaintiff challenges the defendant's assertion of the amount in controversy, evidence establishing the amount is required. *Id.* "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Harris v. KM Industrial, Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). When the plaintiff disputes that the amount in controversy is satisfied, "[c]onclusory allegations as to the amount in controversy are insufficient" to satisfy the removing party's burden of proof. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). "[A]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-6184-RGK (PDx) | Date | October 13, 2021 |
|---|---|---|---|
| Title | *Luis Larraburu v. American Merchandising Specialists, Inc.* | | |

defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A defendant must "persuade the court that the estimate of damages in controversy is a reasonable one." *Id.*

**IV.    DISCUSSION**

Defendant argues that removal is proper because it has satisfied CAFA's $5 million amount-in-controversy requirement because the amount in controversy is $5,015,342.75.[1] Plaintiff asserts that the Court lacks subject matter jurisdiction under CAFA because Defendant has failed to satisfy its burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $5 million. Specifically, Plaintiff argues that Defendant fails to support (1) its proposed violation rate for unpaid meal and rest breaks, and (2) the amount of attorney fees that it assumes. Although Plaintiff raises other arguments, the Court need only address these two because Defendant's failure to support either assertion reduces the amount in controversy below CAFA's $5 million requirement and is dispositive on Plaintiff's Motion.

For the reasons below, the Court finds that it lacks jurisdiction under CAFA, and as such, **GRANTS** Plaintiff's Motion to Remand.

**A.    Defendant Fails to Provide Evidence Supporting Its Meal and Rest Break Violation Rate Estimates**

Plaintiff's Complaint alleges that "Defendant[] maintained a policy, practice, or a lack of a policy" regarding meal and rest break violations, which Defendant cites in its amount-in-controversy calculation. (Compl. ¶¶ 48, 58; *see* Notice of Removal ¶¶ 45–46; Def.'s Opp'n at 19, ECF No. 16.) In its Notice of Removal, Defendant assumed a meal and rest break violation rate of 100%. In its Opposition, however, Defendant assumed a 60% violation rate, which equals 3 missed meal periods and 3 missed rest periods per week. Defendant multiplied these 6 violations by an assumed $20.90 average hourly rate and 7,900 workweeks during the class period, totaling $990,660.00.

A plaintiff's allegation of "occasional failure," which indicates a rate less frequent than "pattern and practice," can support a violation rate of 20%. *Luna v. Pronto Cal. Gen. Agency, LLC*, No. 2:20-cv-05223-RGK-KS, 2020 WL 4883879, at *3, n. 1 (C.D. Cal. Aug. 19, 2020). However, a "pattern and practice" of violations does not necessarily indicate a 100% violation rate. *Ibarra*, 775 F.3d at 1198–99. Accordingly, a reasonable interpretation of "pattern and practice" points to a rate somewhere between 20% and 100%. If a complaint does not allege a 100% violation rate, like here, the defendant "bears the

---

[1] The parties do not dispute CAFA's numerosity and diversity requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-6184-RGK (PDx) | | Date | October 13, 2021 |
|---|---|---|---|---|
| Title | *Luis Larraburu v. American Merchandising Specialists, Inc.* | | | |

burden to show that its estimated amount in controversy relied on reasonable assumptions." *Ibarra*, 775 F.3d at 1199.

Here, Defendant fails to sufficiently support its violation rate estimate. In its Notice of Removal, Defendant assumes that "*all* meal and rest breaks were incompliant" and, therefore, that there were violations for five meal periods and five rest periods per week, totaling 10 violations per week. (Notice of Removal ¶ 48.)  However, in responding to Plaintiff's Motion, wherein Plaintiff challenges Defendant's calculations, Defendant adjusts the factual basis for its estimate and applies a "more conservative violation rate of only 60% — *i.e.*, only three missed meal period and three missed rest period violations per week," totaling six instead of 10 violations. (Def.'s Opp'n at 19.) Defendant's adjustment suggests that rather than setting forth violation rates grounded in evidence, Defendant's violation rates were manufactured with the sole purpose of trying to establish CAFA's $5 million amount-in-controversy requirement. In fact, it appears that even a rate just 1% less than Defendant's proposed violation rate of 60% would bring the calculation below the jurisdictional minimum. Based on the data set forth by Defendant, it appears that any rate below 59.07% fails to meet the jurisdictional minimum.[2]

Furthermore, Defendant does not provide sufficient evidence supporting its 60% violation rate estimate. Defendant has provided only a declaration establishing payroll periods, and assumptions regarding information such as the class size and the average number of hours employees worked per day and week. Although Plaintiff has not provided evidence supporting a different violation rate estimate, Defendant bears the burden of proof here. Considering that "pattern and practice" denotes a violation rate somewhere between 20% and 100%, with approximately 59.07% being the tipping point here, more facts are necessary to establish why the violation rate exceeds the 59.07% threshold. Defendant has not provided such facts. Although a "damages assessment may require a chain of reasoning that includes assumptions . . . those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199. Therefore, the Court finds that Defendant has failed to satisfy its burden.

---

[2] The Court calculated how many meal and rest break violations per week would reduce Defendant's amount-in-controversy estimate by $15,342.75, bringing the estimate to $5 million—below the jurisdictional minimum. Using Defendant's assumed average hourly rate ($20.90) and number of workweeks (7,900), the Court found that 5.907 violations per week, a violate rate of 59.07%, would reduce the amount in controversy below the jurisdictional requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-6184-RGK (PDx) | Date | October 13, 2021 |
|---|---|---|---|
| Title | *Luis Larraburu v. American Merchandising Specialists, Inc.* | | |

#### B. <u>Defendant Fails to Adequately Support Attorney Fees in Its Amount-in-Controversy Estimate</u>

Even if Defendant provided sufficient support for its violation rate estimate, it fails to adequately support its estimate for attorney fees. While courts may consider attorney fees when accounting for the amount in controversy, district courts within the Ninth Circuit are split with respect to how a defendant can meet its burden of showing the amount of prospective attorney fees. Some courts have declined to include such fees because of how inherently speculative prospective fees are, particularly at the very start of litigation. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co. of Reading, Pa.*, No. 1:12-cv-0131 AWI-BAM, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorney fees are in the control of the client and counsel, and may be avoided or accrued over years, depending on the legal strategy. *See Grieff v. Brigandi Coin Co.*, No. C14-214 RAJ, 2014 WL 2608209, at *3 (W.D. Wash. June 11, 2014).

The Court finds those holdings well-reasoned and finds that prospective attorney fees in this situation are too speculative to include into the amount in controversy. Reducing either Defendant's estimated violation rate or estimate for attorney fees brings Defendant's amount-in-controversy estimate, originally at $5,015,342.75, below CAFA's $5 million jurisdictional threshold. Therefore, Defendant fails to satisfy CAFA's requirements for jurisdiction.

#### V. <u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Plaintiff's Motion, and **REMANDS** this case.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____

vrv